Clarence W. Giesen, Appellant, *v.* Maurice W. Metzler, Respondent.

First Department, July 13, 1917.

**Landlord and tenant — action for rent — defense — partial eviction.**

Where, in an action under a written lease to recover the rent of a store, it appears that the tenant, although he had not rented the garret or stairway leading thereto, had been given the privilege of using the same, the fact that the landlord subsequently, upon rearranging the store, changed the means of access to the garret; but in no way disturbed the tenant's use thereof, does not effect a partial eviction of the defendant so as to constitute a defense to the action.

APPEAL by the plaintiff, Clarence W. Giesen, from a deter-
mination, order and judgment of the Appellate Term of the
Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Bronx on the 1st day of
February, 1917, affirming a judgment of the Municipal Court
of the City of New York, Borough of The Bronx, Second Dis-
trict. An appeal is also taken from the judgment of affirmance
of the Municipal Court entered in the office of said court on
the 2d day of February, 1917.

*Alton B. Parker* [*Manfred W. Ehrich* with him on the
brief], for the appellant.

*Frederick M. Czaki* [*Marion Erwin* with him on the brief],
for the respondent.

DOWLING, J.:

This action was brought to recover the rent for the months
of August and September, 1916, of the southerly store in the
premises 2829 Third avenue, borough of The Bronx, city of
New York, under a written lease between plaintiff's assignor
and defendant, dated June 7, 1912, and expiring May 1,
1917. The defense upon which the tenant succeeded was
that of a partial eviction, arising out of the following facts:
Under the lease the demised premises were described as "the
southerly store known as store south No. 2829 Third Ave.,
City and County of New York, Bronx Borough," which were
"to be used and occupied for the sale of shoes and not
otherwise," and these were the only premises which the
landlord let and the tenant hired. But there was a later
clause in the lease known as the 18th, providing as follows:
"The Landlord agrees to permit the Tenant to use the garret
of the herein demised premises for storage purposes as long
as same does not affect the insurance on the building or cause
the owners to receive any orders from the City or State
Department relative to making repairs or alterations in said
garret and the Landlord shall have the right to put out the
Tenant's belongings from said garret at any time during the
term of this lease without being liable for damages provided
the insurance on the building is raised and the City or State
Departments issue orders as heretofore stated." At the time

of the execution of the lease, and for some time thereafter, access to this garret was obtained by means of a stairway leading from the street to a hallway on the second floor and thence by another stairway to the garret. Thus defendant had free access to the garret from the street without passing through any other tenant's premises. Defendant testified that all the tenants had control of the locking and unlocking of the outer door. The garret was unfinished, with a sloping roof and the portion of it which defendant used was the half of it that was over his store. Defendant only used it to store his empty packing cases therein until they were sold. This condition of affairs lasted until July, 1916, when alterations were made in the building by which the stairway leading from the street was removed, the doorway into the street closed up, the space formerly occupied by both included within the limits of the northerly store in the premises, and such store then rearranged so as to constitute two stores, one of which was still occupied by Isaacs, the former tenant of the original northerly store. Then a new stairway was erected leading from the interior of Isaacs' store to the original platform on the next floor at which the stairway from the street formerly terminated, and from that access to the garret was obtained in the same way as before. Thus defendant no longer would have had free access to the stairway leading from the street level without the consent of Isaacs. But simultaneously with the making of these changes Isaacs gave his consent, both in writing and verbally, that Metzler go through his store to bring shoe cases or boxes up or down to or from the garret until the termination of defendant's lease. Of these consents Metzler was fully advised. Isaacs' lease had a much longer term to run than defendant's. Defendant remained in possession of his store, and does not attempt to show that he could not have used the garret with as much freedom as before the changes were made. He never was refused admission to the garret, or entry or passage through Isaacs' store, or found the store closed when he wished to bring or remove boxes. On this record he had the privilege of using the garret as fully as before, except that his employees had to walk a slightly greater distance to reach the first stairway and to pass thorugh a store in so doing. Defendant's

position seems to be that he was entitled to use the same stairway to gain access to the garret, throughout his lease, and that when the means of reaching the garret were changed, even though his access thereto was not affected, he could retain possession of the store, use the garret and still not pay any rent. The answers to his claim are (1) that he never hired any stairway nor the garret, nor did the landlord lease either to him; all he had was a privilege of using the garret, which included the use of any means of access thereto, but not of any particular or special means of access, nor necessarily of those then in existence; (2) that the landlord furnished a safe, proper and adequate stairway in substitution for the one which was removed and defendant was licensed and authorized to reach and use the same during the full term of his lease by the tenant of the store wherein such stairway was located, while above that floor the method of reaching the garret was as before; (3) that defendant's use of the demised premises and his exercising the privilege of storing his empty cases in the garret were in no way disturbed, abridged or affected by the change in the location of the stairway, coupled with Isaacs' permission to him to go through the northerly store; (4) that there was, therefore, no partial eviction of defendant, his defense was not sustained and judgment should have been given in favor of plaintiff.

The determination and judgment appealed from will, therefore, be reversed, with costs, and judgment directed in favor of plaintiff in the sum of $450, with interest and costs.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Determination and judgment reversed, with costs in this court and in the Appellate Term, and judgment directed in favor of the plaintiff in the sum of $450, with interest and costs.